**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**TIFFANY SINATRA,**

               **Plaintiff,**

               v.

**ROMAN CATHOLIC DIOCESE**
**OF ALBANY et al.,**

               **Defendant.**
_____

**1:22-cv-82**
**(GLS/DJS)**

## SUMMARY ORDER

    Plaintiff pro se Tiffany Sinatra brought this action alleging claims related to her employment with defendants Roman Catholic Diocese of Albany (hereinafter "the Diocese") and Rev. Thomas Zelker. (Dkt. No. 1, Compl.) Pending before the court is defendants' motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 12.) For the reasons discussed below, defendants' motion is granted and the complaint is dismissed.

    Sinatra briefly alleges that, at the time relevant to this action, she was an employee of Our Lady of Fatima (OLF) Church. (Compl. at 3.) Zelker, an employee of the Diocese and pastor of OLF, terminated Sinatra on June 28, 2021 following a disagreement over the display of "banners that

symbolize the persecution of Christians and have satanic origins." (*Id.*) Sinatra contends that Canon law supported her right to "question the banners." (*Id.*) In conclusory fashion, Sinatra asserts that she was retaliated against for her "grievance to Human Resources and subsequent filings with the [Equal Employment Opportunity Commission (EEOC)]." (*Id.*) Sinatra also asserts that her character was defamed "by defendants providing false and derogatory statements to the NY State Department of Labor [(DOL)] and EEOC." (*Id.* at 4.) And, lastly, Sinatra contends that, "[d]ue to the hostility of . . . Zelker, [she] could no longer attend church [at OLF]." (*Id.*)

Construing her allegations liberally, Sinatra alleges the following claims: (1) religious discrimination in violation of Title VII of the Civil Rights Act of 1964; (2) defamation under New York law; and (3) "[d]eprivation of place of worship."[1] (Compl. at 3-4.)

The standard of review under Fed. R. Civ. P. 12(b)(6) is well settled and will not be repeated here. For a full discussion of the governing

---

[1] In her response, Sinatra clarifies that her "deprivation of place of worship" claim is not a claim asserted under Title II of the Civil Rights Act of 1964, but, instead, contends that it is brought pursuant to 18 U.S.C. § 241. (Dkt. No. 15 at 6.)

2

standard, the court refers the parties to its prior decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).[2]

Defendants seek dismissal of Sinatra's Title VII religious discrimination claim because, they contend, "[i]t is well established that religious institutions are exempt from Title VII's prohibition against relgious discrimination." (Dkt. No. 12, Attach. 1 at 3-4.) The defamation claim must be dismissed, according to defendants, because the statements at issue were made in connection with quasi-judicial or administrative proceedings and are thereby absolutely privileged. (*Id.* at 4-8.) Also, defendants argue, Sinatra has failed to state a claim for defamation because she failed to identify a defamatory statement made by defendants. (*Id.* at 8-9.) As to the public accommodation claim, which defendants assume is a claim under Title II, they assert, among other things, that OLF is not a place of public accommodation and, therefore, Sinatra cannot state such a claim. (*Id.* at 9-13.)

---

[2] Notably, Sinatra included a host of exhibits with her response to defendants' motion to dismiss, (Dkt. No. 15, Attachs. 1-12), and she discussed "facts" from those exhibits throughout her memorandum of law, (Dkt. No. 15). The court excludes from its consideration the matters outside of the pleadings that have been presented by Sinatra. *See* Fed. R. Civ. P. 12(d).

3

Sinatra's response to defendants' motion is replete with new facts that are outside of the pleading and must be disregarded. (Dkt. No. 15.) Interpreting her response liberally and considering the arguments that relate to the pleaded facts, Sinatra argues that religious institutions are not immune from Title VII religious discrimination other than for discrimination in hiring. (Dkt. No. 15 at 4.) Regarding her defamation claim, Sinatra avers that defendants "are well aware of the defamatory statements made," and that the litigation privilege does not apply to the EEOC proceeding because no determination was made nor the DOL proceeding because it was not quasi-judicial. (*Id.* at 4, 5.) Lastly, Sinatra argues that her deprivation of place of worship claim sounds in 18 U.S.C. § 241 and, therefore, defendants arguments about Title II cannot support dismissal. (*Id.* at 6.)[3]

The court agrees with defendants that dismissal is necessary. With respect to Sinatra's religious discrimination claim, "Title VII expressly exempts certain religious institutions from its prohibitions upon discrimination based on religion." *DeMarco v. Holy Cross High Sch.*, 4

---

[3] In reply, defendants argue that, given Sinatra's clarification of her claim, there is no private right of action under 18 U.S.C. § 241, and dismissal is warranted for that reason. (Dkt. No. 16 at 6-7.)

4

F.3d 166, 173 (2d Cir. 1993). Defendants' unidentified allegedly defamatory statements are also non-actionable insofar as they were made in connection with quasi-judicial proceedings. *See Rubin v. N.Y.C. Bd. of Educ.*, No. 20-CV-10208, 2023 WL 1972729, at *20 (S.D.N.Y. Jan. 6, 2023), *report and recommendation adopted by* No. 20 CIV. 10208 (LGS), 2023 WL 2344731 (S.D.N.Y. Mar. 3, 2023) ("However, Defendants' EEOC submissions cannot form the basis of a defamation claim, because statements made to the EEOC are made 'in the course of a . . . quasi-judicial proceeding' and are 'under the protection of absolute immunity.'" (quoting *Bernstein v. Seeman*, 593 F. Supp. 2d 630, 636 (S.D.N.Y. 2009)); *Prisco v. Air Indus. Grp.*, No. 2:15-CV-07340, 2017 WL 9485663, at *15 (E.D.N.Y. Sept. 1, 2017), *report and recommendation adopted by* No. 15-CV-7340, 2017 WL 4417665 (E.D.N.Y. Sept. 30, 2017) ("The New York State Division of Human Rights, the Department of Labor, and the Workers' Compensation Board are all quasi-judicial in nature. As such, statements made to those tribunals throughout an investigation cannot form the basis of a defamation action." (citations omitted)). Finally, there is no private right of action pursuant to 18 U.S.C. § 241, *see Storm-Eggink v. Gottfried*, 409 F. App'x 426, 427 (2d Cir. 2011) (affirming

5

the dismissal of a claim premised on 18 U.S.C. § 241 because the statute provides no private right of action), and, therefore, Sinatra's deprivation of place of worship claim must be dismissed.[4]

Accordingly, it is hereby

**ORDERED** that defendants' motion to dismiss (Dkt. No. 12) is **GRANTED**; and it is further

**ORDERED** that the complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close the case; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

March 28, 2023
Albany, New York

Gary L. Sharpe
U.S. District Judge

---

[4] Because the claims all suffer defects that better pleading cannot cure, leave to amend would be futile. *See Hahn v. New York*, 825 F. App'x 53, 55 (2d Cir. 2020) ("[W]hile a district court should not ordinarily dismiss a pro se complaint without granting leave to amend, it may do so when, as here, amendment would be futile." (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).